STATE OF MARYLAND, use of SARAH WILSON *vs.*
JAMES McCARTY.

*Rule, " Security for Costs."*

The right to insist on a compliance with the rule, "security for
costs," may be waived; and an agreement to continue the case
must be considered as a waiver of such right for that term.

The rule, "security for costs," can only be complied with by the
payment into Court of a sum of money sufficient to meet the
probable costs of the case, or by giving bond, with surety, by a
docket entry showing an acknowledgment or obligation of some
kind on the part of the surety, which could be enforced.

APPEAL from the Circuit Court for Allegany County.

This action was brought on the 4th of October, 1881, by
the appellant against the appellee, on his testamentary
bond, as surviving executor of Edward McCarty, deceased,
to recover what she claimed as her share, as legatee and
devisee of the estate of her father, the said Edward
McCarty. On the 22nd of October, 1881, a rule, "security
for costs," was laid upon the plaintiff. The case was brought
forward by regular continuances to the January Term,
1883, and was marked for trial on the docket, at the call
of the docket on the first day of the Term; and afterwards
the defendant's attorney asked the plaintiff's attorneys for
a continuance of the case, which was agreed to by them,
but it was not then called to the attention of the Court,
and was not entered "continued" on the docket; and it
was also agreed, at the same time, that the case might be
tried on the original records from the Orphans' Court, as
evidence, instead of copies. On the 2nd of January, 1883,
the defendant's attorney asked for a judgment of *non pros.*
for want of security for costs. The judgment was entered.

On the 9th of February, 1883, the plaintiff filed her petition and affidavits, praying the Court to strike out the judgment of *non pros.*, and to grant leave to defend the motion for the same, because the rule, security for costs, had been duly and regularly complied with.  It was testified by D. J. Blackiston, Esq., in his affidavit that he was one of the attorneys for the plaintiff, and had a clear and distinct recollection that the plaintiff complied with the rule, "security for costs," laid upon her; that he remembered distinctly that the security was given in open Court, and that James W. Wilson was offered and accepted as the security.  James E. Ellegood, Esq., also of counsel for the plaintiff, by his affidavit, testified that he remembered calling on Mr. James W. Wilson in open Court, to enter security for costs for the plaintiff, and that, according to his recollection and positive belief, the said James W. Wilson did then and there enter and become security for the costs.  On the 10th of February, 1883, the Court overruled the motion to strike out the judgment of *non pros.*, and judgment was entered for the defendant for costs.  The plaintiff appealed from the judgment of *non pros.*, and from the order of the Court overruling the motion to strike out the judgment.

The cause was argued before MILLER, YELLOTT, ROBINSON, and IRVING, J.

*D. J. Blackiston,* and *James E. Ellegood,* for the appellant.

*A. Beall McKaig,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The defendant was not entitled, we think, to a judgment of *non pros.* in this case.

The rule, *"security for costs,"* was laid on the plaintiff at the October Term, 1881.  The case was then brought for-

ward by regular continuances to the January Term, 1883, and at this term, on the call of the docket, it was *marked for trial.* Subsequently, at the request of the *defendant,* it was agreed the case should be *continued.* This agreement it is true was not entered on the docket, but it is admitted that both sides understood the case was to be continued.

The right to insist on a compliance with the rule, *"security for costs,"* is one which a party may waive ; and when the defendant agreed the case should be continued, he must be considered as having waived this *right for that Term.* As the case stood upon the docket for trial, the plaintiff might have complied with the rule at any time before judgment of *non pros.,* and to permit the defendant to insist upon a compliance with the rule, after he had agreed to a continuance, would in many cases work a surprise to the plaintiff. Relying upon the agreement to continue the case, he may not have made the effort to comply with the rule at that Term, and which he otherwise might have done, if the case stood for trial. The defendant had no right therefore to insist upon a compliance with the rule at this time.

The parol evidence offered by the plaintiff, is not sufficient to show a compliance with the rule. This could only be done by the payment into Court of a sum of money sufficient to meet the probable costs of the case, or by giving bond with surety, by a docket entry, showing an acknowledgment or obligation of some kind on the part of the *surety,* which could be enforced.

<div align="right">

*Judgment reversed, and*
*cause remanded.*