# WILLIAM  H.  HOLT  *vs.*  THE  TENNALLYTOWN AND ROCKVILLE RAILROAD COMPANY.

*Rule Security for Costs.—Constitutional Law.*

The provisions of Code, Art. 24, sec. 9, requiring non-resident plaintiffs to give security for costs, when a rule is laid upon them, is not in conflict with Art. 4, sec. 2 of the Constitution of the United States, concerning the privileges and immunities of the citizens of the several States.

A rule security for costs laid upon the plaintiff in one Circuit Court, is subsequently enforceable in the Circuit Court of another county, to which the case is removed for trial; and the removal does not make any change in the time within which the plaintiff is required to comply with the rule.

The right of a defendant to move for a judgment of non-suit for the failure of the plaintiff to comply with a rule security for costs, is not lost by a delay of eight months, but continues up to the time of trial.

Appeal from a judgment of *non prosequi* entered in the Circuit Court for Anne Arundel County.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE and ROBERTS, JJ.

*Arthur H. O'Connor* (with whom were *Chapin Brown, Thos. Anderson* and *W. Veirs Bouic, Jr.*, on the brief), for the appellant.

*Frank H. Stockett*, for the appellee.

FOWLER, J., delivered the opinion of the Court.

The motion to dismiss the appeal in this case must be overruled, for it appears from the affidavits filed that the delay in transmitting the transcript of record to this Court was the fault of the Clerk of the Court below.

The plaintiff, having been injured as he alleges, by the

negligence of the defendant, a railroad corporation, he insti-
tuted an action in the Circuit Court for Montgomery County
to recover damages.    Issue having been joined, the defend-
ant suggested that the plaintiff was a non-resident, and asked
the Court to place him under a *rule security for costs*, which
.was accordingly done, and on the same day the defendant
also filed a suggestion for removal, and an order was there-
upon passed to remove the. cause to the Circuit Court for
Anne Arundel County, in which Court the record was filed
on the 19th of April, 1893.    On the 16th of October fol-
lowing, the defendant moved to enforce the *rule security*
which had been laid in Montgomery County.    This motion,
at the instance of the plaintiff's attorney, was not pressed.
At any rate no action was taken, and the case was con-
tinued.    On the first day of January term, 1894, the defend-
ant again moved the Court to enforce the rule security of
the Circuit Court for Montgomery County, which was
accordingly done.    The plaintiff being in default a judgment
of *non pros.* was therefore entered against him.

1.  The question of the constitutionality of the provision of
our Code, Art. 24, sec. 9, requiring non-resident plaintiffs
to give security for costs as therein provided, was fully
argued by plaintiff's counsel, but it was said forty years ago
by our predecessors that this law, having then been in
operation for more than half a century, and having always
been recognized by the profession, both on the bench and
at the bar, as a valid law, they were not disposed to declare
it a nullity.    *Haney* v. *Marshall*, 9 Md. 194.    And at this
late day we are equally unwilling to interfere with its opera-
tion by declaring it unconstitutional and void, because in
violation of section 2, Article 4, of the Constitution of the
United States, this being the same ground of objection which
was urged in 9th Md.

2.  Is the *rule security* of the Montgomery County Court
enforceable in the Circuit Court for Anne Arundel County?
We think it is.    This view is in conformity with the general
practice, and will enlarge the operation of the law in ques-

tion, which was passed for the protection of resident defend-
ants.    If the rule can be enforced only in the county where
it is laid, the plaintiff could escape from all obligation to
comply with it by simply filing a suggestion for removal.
And in that event the defendant would be compelled to have
another rule laid in the county to which the cause should
be removed or lose the protection the law affords him.    Nor
do we think that the fact of removal should be allowed to
make any change in the time within which the plaintiff is
required to give security.    In this case the rule was laid at
the March term, 1893, of the Montgomery County Court,
and the plaintiff had until the second day of the next term
of that Court to comply, that is to say, until the sixth of
June, and having failed so to do, he was in default at the
time the judgment of *non pros.* was entered, namely, at the
January term, 1894, of the Anne Arundel County Court.

3. It was suggested that the defendant waived its right
to enforce the rule because of delay, and that having failed
to act more promptly, it ought not to have been allowed to
take advantage of the plaintiff's default.    In the case of
*Heinekamp & Sons* v. *Beatty*, 74 Md. 388, the rule security
was laid on the 23rd September, 1889, and the judgment
of *non pros,* for failure to comply with it was not moved for
until the 30th September following, or more than nine
months after default.    It is true there was no question made
in the case just cited, as to delay on the part of the defen-
dant, but it seems to have been assumed by counsel and
Court, that notwithstanding the lapse of time, the defen-
dant would have been entitled to enforce the rule if it had
not been complied with before the judgment was entered.
In the case we are considering there was a delay of less
than eight months, the default of the plaintiff having oc-
curred on the sixth of June, 1893, and the judgment hav-
ing been taken on the 16th January, 1894.    But, as it
appears to be conceded that the defendant may obtain the
rule at any time before the beginning of the trial, unless
temporarily waived as by continuance by consent, (*Haney*

v. *Marshall*, 9 Md. 209 ; *Spencer* v. *Trafford*, 42 Md. 1 ; 2
*Poe Plead. and Prac.*, sec. 78), it would seem to follow that
the right to enforce the penalty for failure to comply with
the rule must continue to exist to the same period.

Finding no error, the judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided April 4th, 1895.)