## McLAUGHLIN v. KIPP et al.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

**1. MILITIA—ACTION AGAINST MEMBERS—SECURITY FOR COSTS.**
    Where, in an action for negligence against members of the militia, the complaint contains no reference to the military character of the defendants, nor anything from which it could be inferred that the negligence arose out of the discharge of any duty imposed on them by the Military Code, and, on a motion to require plaintiff to give security for costs pursuant to the Military Code, Laws 1898, p. 514, c. 212, § 14, providing that the defendant may require such security in any suit brought against him for any act done in the discharge of duty under such chapter, the affidavits are conflicting, and such that the court might find that the acts charged were not within the provision of the statute, an · order denying such motion should not be reversed.

**2. STATUTES—PARTIAL INVALIDITY.**
    Whether the first clause of Laws 1898, p. 514, c. 212, § 14, providing that members of the militia ordered into active service "shall not be liable civilly or criminally for any acts done by them while on duty," is constitutional or not, such clause is clearly separable from the subsequent portion of the section, authorizing the defendant, in an action brought for any act done by a member of the militia in the discharge of any duty imposed by the Military Code, to require that the plaintiff give security for cost, and the latter provision is valid.

Appeal from Special Term, Queens County.

Action by John E. McLaughlin against William H. Kipp and others. From an order denying defendants' motion to require plaintiff to give security for costs, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Charles E. Lydecker, for appellants.
T. Darrington Semple, for respondent.

WILLARD BARTLETT, J. This was an application to compel the plaintiff to give security for costs under the Military Code of the state of New York. Laws 1898, p. 514, c. 212, § 14. The section cited reads as follows:

"Members of the militia ordered into the active service of the state by any proper authority, shall not be liable civilly or criminally for any acts done by them while on duty. When a suit or proceeding shall be commenced in any court by any person against any officer of the militia for any act done by such officer in his official capacity in the discharge of any duty under this chapter or against any person acting under the authority or order of any such officer or by virtue of any warrant issued by him pursuant to law the defendant may require the person prosecuting or instituting the suit

or proceeding to file security for the payment of costs that may be awarded to the defendant therein and the defendant in all cases may make a general denial and give the special matter in evidence. In case the plaintiff shall be non-suited, or have judgment or verdict rendered against him, the defendant shall recover treble costs."

This section would clearly apply to the present action, and would have required the court below to grant the application, if it distinctly appeared that the cause of action was against officers of the militia for any act or acts done by them in their official capacity, in the discharge of any duty under the Military Code. Upon the hearing of the motion, however, the question whether the acts charged in the complaint were done by the defendants in their capacity as military officers, or in the discharge of any duty under the Military Code, was squarely litigated; and the learned judge who heard the application may well have reached the conclusion, upon the evidence furnished by the affidavits, that the acts charged were not of such a character as to bring the defendants within the purview of the statute, and entitle them to the privilege which it confers. The complaint contains no reference to the military character of the defendants, nor anything from which it could be inferred that the negligence which is the gravamen of the action arose out of the attempted discharge of any duty imposed upon them by the Military Code; and, as the affidavits presented a conflict of proof on this subject, we cannot say that the learned court was wrong in deciding in favor of the plaintiff.

It is argued in his behalf that in any event the application must have been denied, because section 14 of the Military Code is unconstitutional. This proposition seems mainly directed to the first sentence of the section, which declares that members of the militia ordered into the active service of the state by any proper authority shall not be liable civilly or criminally for any acts done by them while on duty. That provision, however, is plainly separable from the provisions which follow it, in regard to security for costs. As to the latter, we see no valid constitutional objection. Before the enactment of any of the existing provisions of law relating to security for costs, it was held that the power to require such security might be exercised irrespective of statute. People ex rel. Fuller v. Oneida Common Pleas, 18 Wend. 652; Swift v. Collins, 1 Denio, 659. See, also, Forman v. Campbell, 9 Ben. 472, Fed. Cas. No. 4,939. In other states, and in the federal courts, the constitutionality of statutes requiring security for costs to be given by nonresident suitors has frequently been upheld. Gesford v. Critzer, 7 Ill. 698; Holt v. Tennallytown R. R. Co., 81 Md. 219, 31 Atl. 809; Nease v. Capepart, 15 W. Va. 299; Miller's Administrator v. Norfolk & W. R. Co. (C. C.) 47 Fed. 264. The reasoning of the decisions in the cases cited seems equally applicable to the case at bar, and we find no sufficient reason for condemning the legislation under review as violative of the Constitution. Nevertheless, we regard the decision at Special Term as right under the circumstances, and therefore conclude that the order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.