## THE NATIONAL BUILDING SUPPLY COMPANY, OF BALTIMORE CITY, *vs.* CHARLES L. GOSNELL.

*Practice Act of Baltimore City; Act of 1898, ch. 135, secs. 312 and 317; partnership; failure of defendant to deny, under oath; waiver by plaintiff.*

In a suit on the common counts under the Baltimore City Practice Act (Act 1898, ch. 123, secs. 312, 313), the declaration alleged a partnership; the defendant, while not denying the partnership in the affidavit annexed to his pleas, denied the partnership in one of his pleas; the plaintiff filed a replication to the pleas of the defendant and issue was joined. *Held* that the plaintiff thereby waived his right to take advantage of the defendant's failure to deny the partnership in his affidavit.    p. 643

And the burden of proof was upon the plaintiff to prove the partnership, and failure to do so will cause its withdrawal from the consideration of the jury.    p. 646

*Decided November 22nd, 1911.*

Appeal from the Superior Court of Baltimore City (ELLIOTT, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCK-BRIDGE, JJ.

*Aubrey Pearre, Jr.,* and *Randolph Barton, Jr.* (with whom was *James J. McGarth* on the brief), for the appellant.

*Wm. Purnell Hall* (with whom was *Lewis W. Lake* on the brief), for the appellee.

THOMAS, J., delivered the opinion of the Court.

There is but one exception in this case to be considered by the Court, and that is to the granting, at close of the plaintiff's case, of a prayer instructing the jury that there was no evidence in the case legally sufficient to establish a co-partnership as existing between the defendants, and that the plaintiff was not entitled to recover.

The National Building Supply Co., of Baltimore City, a corporation, brought suit on the common counts against William E. Young and the appellee, Charles L. Gosnell, co-partners, trading as William E. Young & Co., in the Superior Court of Baltimore City. The suit was brought under the Practice Act of Baltimore City, Act of 1898, Chapter 123, sections 312 and 313, and there was filed with the declaration an account and affidavit. The appellee, Chas. L. Gosnell, appeared by counsel and filed three pleas. By the first he alleged that he was not indebted as alleged, and by the second he stated that he did not promise as alleged. By the third plea he alleged that "there was not at the time of the bringing of this suit, or at the time the debt sued on was contracted, a partnership existing between William E. Young and Charles L. Gosnell, and known as W. E. Young & Co." Attached to these pleas was the following affidavit:

"STATE OF MARYLAND,

CITY OF BALTIMORE, *to wit*:

On this 22d of November, in the year 1910, before me, the subscriber, a Notary Public of the State of Maryland, in and for Baltimore City, personally appeared Charles L. Gosnell, one of the defendants named above, and made oath in due form of law that every plea so pleaded by the defendant is true, and that he admits no part of the plaintiff's claim to be due and owing, and disputes the whole amount; and further, that he, the affiant, verily believes the defendant will be able at the trial of the cause to produce sufficient evidence to support the said pleas, and that he is advised by counsel to file the said pleas.

Witness my hand and Notarial Seal.

(Seal)                    AUGUSTUS W. BRADFORD,
                              *Notary Public."*

There was also annexed to the pleas a certificate of counsel for the appellee, certifying that he advised the appellee, making the above oath and filing said pleas to do the same." The plaintiff joined issue on the first and second pleas, and replied to the third plea as follows: "And for replication to the third plea says that there was at the time the debt sued on was contracted a partnership existing between William E. Young and Charles L. Gosnell, and known as W. E. Young & Co." Issue was joined on the replication, and on the 15th of May, 1911, a judgment by default against William E. Young for want of a plea, etc., was extended for $1,025.20, and the case against the appellee was tried before a jury.

At the trial the plaintiff offered the following admissions by the defendant: "It is admitted that the goods and materials charged for in the itemized account attached to the declaration were delivered by the plaintiff to William E. Young & Company, at Ten Hills, at the prices charged; it is further agreed that this admission does not preclude any defence Charles L. Gosnell has that he never was a partner of William E. Young."

The plaintiff having failed during the trial to offer any evidence tending to establish the partnership alleged in the

declaration, or to show any indebtedness on the part of the appellee, the Court below granted the prayer to which we have already referred, and the verdict and judgment being in favor of the defendant the plaintiff appealed.

Section 312 of the Act 1898, already referred to, provides: "If the co-partnership or incorporation of any of the parties shall be alleged in the declaration and the affidavit to be filed therewith, as hereinafter provided; or if there shall be filed with the declaration in said cause any paper purporting to be signed by any defendant therein, the fact of said alleged co-partnership or incorporation and the genuineness of such signature shall be deemed to be admitted for the purposes of said cause, unless the said affidavit shall further state that the affiant knows, or has good reason to believe, such allegation of co-partnership or incorporation to be untrue," etc.

The appellant contends that as the appellee failed to deny the co-partnership in the affidavit annexed to his pleas, it was admitted for the purposes of the case and it was not required to offer any proof of the partnership at the trial. The partnership alleged in the declaration was, however, denied in the third plea, and to that plea the plaintiff filed a replication and the case was tried on issues joined on that replication and the other pleas in the case. The issue as to the existence of the alleged partnership was therefore tendered by the defendant and accepted by the plaintiff, and moreover at the trial of the case the plaintiff produced in evidence the admission of the defendant and an agreement that said admission should not preclude the defence that Charles L. Gosnell never was a partner of William E. Young. Under such circumstances the plaintiff must be held to have waived any right he acquired by reason of the failure of the defendant to dispute the existence of the partnership in the affidavit annexed to his pleas.

In 1 *Poe, P. & P.* sec. 668, the learned author states the proper practice in cases like the one here presented as follows: "When the defendant's pleas are filed, the next step in

the alternate pleadings is to be taken by the plaintiff. Ordinarily, this is done by putting in one or more replications, joining issue upon, traversing or confessing and avoiding the matters set up in the pleas, so as to produce an issue of fact. But it frequently happens that the pleas are filed too late, or not in the mode required by law, and frequently also that they are insufficient in substance. Whenever, therefore, the plaintiff is called on to answer them, he should first consider whether they were filed in such mode or within such time as entitles them to be replied to. If, upon examination, he discovers that they are objectionable in either or both of these respects, he should at once move that they be not received, in order that they may not stand in the way of his recovery, or move for judgment without regard to them; for if he replies he will generally be held to waive his right to have them stricken from the record. Thus, for example, pleas in abatement must be verified by affidavit, and can not properly be filed unless duly sworn to. So also no plea of *non est factum* can be received unless the party by whom it is tendered verifies it by affidavit, except where, upon special application by the defendant, being heir, executor or administrator, the Court shall otherwise grant leave. And again, as has been already stated, the plea of limitations is strictly required to be filed by the rule day, and can not regularly be filed afterwards, or amended after it has once been filed. Accordingly, in all cases where the verification of a plea by affidavit of the defendant, or someone on his behalf, is required, and is omitted; and in all cases where a plea is filed after the time within which it is properly receivable, the plaintiff should not reply to it, but should move the Court to have it stricken from the record, on the ground that being without proper sanction or not in due time, it is, in law, no plea at all, and is therefore no obstacle in the way of a judgment. Under the Act of 1886, Chapter 184, providing for rule days in the civil common law courts of Baltimore City, wherever the plaintiff, in bringing his suit, duly complies with that act by swearing to his cause of action, and filing it

with his declaration, he is entitled to judgment at a certain designated rule day thereafter, unless, before that day, the defendant puts in a plea sufficient in point of law, and verified by his own oath, or that of someone on his behalf, in the mode prescribed by the statute. Should a plea be put in not duly sworn to, or not within the designated time, or insufficient in law, the plaintiff should treat it as a nullity, and move for judgment as if it had not been filed. Should he reply to it, and either tender or accept issue upon it, he will ordinarily be held to waive the irregularity in it, both as 'to the want of affidavit, and as to the time of filing it."

We have quoted at length from Mr. Poe's valuable work on Pleading because it contains such a clear and satisfactory statement of the rule and principle applicable to a case like the one we are now considering. The same principle was stated and applied in the case of *Hutton* v. *Mann*, 69 Md. 252, where this Court said: "We think, therefore, on the authority of *Adler* v. *Crook*, 68 Md. 494, that we are obliged to hold this affidavit defective. But the objection to it must be made at the proper time, and in the appropriate manner. The act requires that a motion in writing should be made for a judgment. In this case, the plaintiffs joined issue on two pleas, and filed replications to the third. From these steps, it is a conclusion of law that the plaintiffs elected to go to trial on the facts averred in the pleas; there would otherwise be no significance in thus pleading to them. And if they elected to go to trial on the pleas, they necessarily waived their right to move for judgment, notwithstanding their existence; as these two proceedings are inconsistent with each other. * * * In *State* v. *McCarty*, 60 Md. 373, a rule, security for costs was laid, and afterwards the case was continued by consent: it was held that the plaintiff had waived his right for that term to insist on the rule. In *Stockett* v. *Sasscer*, 8 Md. 374, the plea of limitations was filed after the rule day, and the plaintiff filed a replication. It was held that the irregularity as to the time of filing the plea was waived, and that it could not be stricken out. The

plaintiff having two courses of proceeding open to him passes by one of them and adopts the other which is inconsistent with the first."

In the still later case of *Laubheimer* v. *Naill,* 88 Md. 174, JUDGE PEARCE says: "Had the plaintiff desired to avail himself at the trial of the Rule Day Act, he should have taken judgment on motion in writing for the $59.00, admitted by the plea, and joined issue on the $141 which was disputed, and the execution of the judgment or judgments obtained, would have been a matter of procedure under that act. But instead of doing this he joined issue on the defendant's pleas *as filed,* not as narrowed in their scope by the affidavit; and in doing this he withdrew the case from the operation of the act, and placed it in all respects on the footing of a suit at common law, as was held in *Hutton* v. *Marx,* 69 Md. 252."

Other cases might be cited holding the same view, but those to which we have referred are so clearly in point that further citation would seem unnecessary.

The plaintiff having accepted the issue tendered by the defendant's third plea by filing its replication thereto, the burden was on it to prove the alleged partnership, and having failed to do so, the case was properly withdrawn from the jury.

The only other exception in the record was waived by counsel for the appellant in the oral argument in this Court.

*Judgment affirmed, with costs to the appellee.*