560 A.2d 611

**PATAPSCO ASSOCIATES LIMITED PARTNERSHIP**

v.

**William GURANY, et al.**

**No. 1137, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

July 10, 1989.

Thomas N. Biddison, Jr. and Michael W. Skojec (Gallagher, Evelius & Jones, on the brief), Baltimore, for appellant.

Robert E. Molloy, Glen Burnie, for appellees.

Submitted before BISHOP, ROBERT M. BELL and FISCHER, JJ.

BISHOP, Judge.

Patapsco Associates Limited Partnership ("Patapsco") appeals from an order of the Circuit Court for Anne Arundel County which granted the appellees', William Gurany and W. Gurany and Company, Inc. (referred to collectively as "Gurany"), motion to dismiss Patapsco's complaint, with prejudice, due to Patapsco's failure to adhere to the 30 day

time constraints under Md. Rule 2–326(c). That rule requires in part that: "When [an] ... action transferred [from the District Court upon demand for a jury trial] is one over which the District Court does not have exclusive original jurisdiction,[1] a complaint complying with Rules 2–303 through 2–305 shall be filed within 30 days after service of the demand for a jury trial by the defendant." Patapsco argues on appeal that:

I. The circuit court abused its discretion in dismissing appellant's claim with prejudice for failure to file a circuit court complaint within 30 days of the jury trial request.

II. The circuit court erred in not holding a hearing on appellees' motion to dismiss.

We agree with Patapsco's position on the first issue and reverse. We do not address the second issue.

## FACTS

Patapsco filed a District Court complaint against Gurany in which Patapsco alleged that Gurany breached a lease agreement between the parties. Gurany responded on March 10, 1988 by filing a Rule 3–325(a)(2) demand for a jury trial. The record was subsequently transferred to the circuit court, *see* Rule 3–325(c), and notice of the transfer was mailed to Patapsco on March 30, 1988.

Although Patapsco had 30 days from March 30, 1988 (May 2, 1988) in which to file a circuit court complaint, Rule 2–326(c), Gurany moved on April 22 to dismiss the complaint for an alleged infraction of Rule 2–326(c).[2] Patapsco filed a circuit court complaint on May 5, 1988 (3 days late), but the

---

1. The District Court's exclusive original jurisdiction does not ordinarily include those cases where the amount in controversy is more than $2500.00. Md.Cts. & Jud.Proc.Code Ann. § 4–402(d) (1984 & Supp. 1988).

2. We do not decide whether Patapsco's premature motion to dismiss was a nullity as we assume, *infra* at I, that the court's judgment is a result of the court acting *sua sponte* to strike the pleading.

circuit court judge, at a hearing on May 25, 1988, granted the motion to dismiss.

## I.

■ Rule 2–326(c) does not expressly provide sanctions for the plaintiff's failure to comply with that Rule's requirement that a complaint be filed in the circuit court within 30 days after service of the defendant's demand for a jury trial. Gurany argues that, given this absence of express sanctions in the Rule, the courts should analogize to Rule 2–507(c), "Dismissal for Lack of ... Prosecution," which provides for a dismissal of an action *"without prejudice"* following a one year inactivity in the docket entries.

We reject Gurany's suggested approach and instead opt for the procedures recommended by the authors of the Maryland Rules Commentary, that:

> A complaint that is filed late is subject to a motion to strike under Rule 2–322(e). In the absence of prejudice, however, the motion will ordinarily be denied.

P. Niemeyer & L. Richards, *Maryland Rules Commentary*, 45–46 (Supp.1988). According to Niemeyer and Richards:

> When an action that is *not* within the exclusive original jurisdiction of the District Court is transferred to the circuit court under section (c) of this rule, the plaintiff must file a new complaint in the circuit court within 30 days. A primary purpose of the complaint is to trigger time periods for, for example, the filing of an answer, counterclaim, or third-party claim. If the plaintiff fails to file the complaint as required, the action does not proceed, and the defendant has no obligation to respond until the new complaint is filed.

*Id.* The authors' position is supported by the express terms of Rule 2–322(e) which provides in pertinent part that: "On motion made by a party before responding to a pleading ... or on the court's own initiative at any time, the court ... may order any pleading that is late or otherwise not in compliance with these rules stricken in its entirety." *See*

*also* 2 Poe *Pleading and Practice*, § 668 (1970); *National Building Co. v. Gosnell*, 116 Md. 640, 644, 82 A. 557 (1911).

Although the circuit court judge granted Gurany's motion to "dismiss" and not a Rule 2–322(e) motion to strike, *supra*, we shall, nevertheless, review the court's decision as if it had *sua sponte* granted a motion to strike rather than a motion to dismiss.[3]

The decision to grant a motion to strike lies within the trial court's discretion. *Lancaster v. Gardiner*, 225 Md. 260, 270, 170 A.2d 181 (1961). Such discretion, however, is not unlimited and the courts must be cognizant of the rule that, in deciding a motion to strike for failure to file a pleading timely, they should afford "great liberality in the allowance of amendments in order to prevent the substantial injustice of a cause from being defeated by formal slips or slight variances." *Goldstein v. Peninsula Bank*, 41 Md.App. 224, 230, 396 A.2d 542 (1979); Niemeyer & Richards, *supra*, at 46. Absent prejudice to the defendant, the motion to strike ordinarily should be denied, *id.;* 5 C. Thompson & D. Jakala, Cyclopedia of Federal Procedure § 15.398 (3rd ed. 1985).

Applying this standard to the case *sub judice*, we find that the circuit court judge abused his discretion in dismissing with prejudice Patapsco's action against Gurany. There is no indication in the record that any prejudice resulted from Patapsco's mere three day delay in filing the circuit court complaint.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY. COSTS TO BE PAID BY APPELLEES.

---

**3.** We recognize that the practical effect of the court's granting of a motion to dismiss, without leave to amend, Md. Rule 2–322(b)(2), is no different than the granting of a motion to strike the entire initial complaint without giving leave to amend, Rule 2–322(e). Both have a preclusive effect under the doctrine of *res judicata.*