720 A.2d 1193

**Edith GARRETT**

v.

**STATE of Maryland.**

**No. 121, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

Dec. 1, 1998.

Mark E. Herman, Baltimore, for Appellant.

Michael A. Fry, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for Appellee.

Argued before SALMON and ADKINS, JJ., and PAUL E. ALPERT, Judge (retired), Specially Assigned.

PAUL E. ALPERT, Judge (retired), Specially Assigned.

Appellant, Edith Garrett, sued appellees, the Mayor and City Council of Baltimore and the State of Maryland, in the District Court of Maryland for Baltimore City for negligence. Appellees requested a jury trial, and the case was transferred to the Circuit Court for Baltimore City. Ms. Garrett subsequently filed another complaint in the circuit court, as she was required to do by Rule 2–326(c); nevertheless, that complaint was filed roughly three weeks after the deadline set by the rule. Because of Ms. Garrett's tardiness in filing her circuit court complaint, the State moved to strike her complaint pursuant to Rule 2–322(e). That motion was granted, and this appeal followed.

## ISSUES

Ms. Garrett raises three issues, which we reorder and rephrase:

I. Whether the circuit court erred when it granted the State's motion to strike.

II. Whether the State, as the party filing the motion to strike, bore the burden of proof on the issue of prejudice resulting from Ms. Garrett's tardy complaint.

III. Whether the circuit court erred when it dismissed Ms. Garrett's complaint.

## THE PROCEEDINGS

Ms. Garrett's District Court complaint, filed on May 30, 1997, contained allegations that several sheriff's deputies knocked her down while pursuing a suspect in the Clarence Mitchell Courthouse in Baltimore; the complaint also asked for $20,000 in damages. Both the State and the Mayor and City Council of Baltimore subsequently filed motions for a jury trial, and the case was removed to the Circuit Court for Baltimore City.

On July 17, 1997, the clerk of the circuit court mailed a notice of removal to all parties in the case. Thus, under Rule 2–326(c), Ms. Garrett had 30 days—until August 16, 1997—to file another complaint in the circuit court. Ms. Garrett failed to do so until September 8, 1997.

On September 17, the State filed a motion to strike pursuant to Rule 2–322(e). Ms. Garrett filed a response in which she argued that: 1) the State had the burden, in its motion, to establish prejudice from the delayed filing; 2) the State had failed to meet its burden; and 3) the State had not been prejudiced by the tardiness of the circuit court complaint. The State, in turn, filed a response which asserted that: 1) Ms. Garrett had the burden of establishing that the State had not been prejudiced by the delayed filing; and 2) the State had, in fact, been prejudiced by Ms. Garrett's tardiness. On October 27, 1997, the circuit court granted the motion to strike without holding a hearing or issuing an opinion.

## DISCUSSION

### I. Grant of Motion to Strike

Ms. Garrett's suit in District Court was one over which both the District Court and the Circuit Court have concurrent jurisdiction. *See* Md.Code Ann. § 4–402(d) (1997 Supp.) of the Courts and Judicial Proceedings Article. Accordingly, when the case was transferred to the circuit court, Ms. Garrett was required, pursuant to Rule 2–326(c), to refile her complaint in the circuit court. Rule 2–326(c) provides:

(c) *Action not within exclusive original jurisdiction of the District Court.* When the action transferred is one over which the District Court does not have exclusive original jurisdiction, a complaint complying with Rules 2–303 through 2–305 shall be filed within 30 days after the date the clerk sends the notice required by section (a) of this Rule. The complaint shall be served pursuant to Rule 1–321. The defendant shall file an answer or other response within 30 days after service of the complaint. The action

shall thereafter proceed as if originally filed in the circuit court.

Ms. Garrett failed to file her circuit court complaint within 30 days of the date the clerk mailed a notice of the transfer. Thus, the State, pursuant to *Patapsco Associates Limited Partnership v. Gurany,* 80 Md.App. 200, 560 A.2d 611 (1989), moved to strike Ms. Garrett's complaint. In *Patapsco,* this Court held that when a plaintiff fails to file timely a complaint pursuant to Rule 2–326(c), the complaint is subject to a Rule 2–322(e) motion to strike. 80 Md.App. at 203–04, 560 A.2d 611. We also held that such a motion should be granted only if the delay prejudices the defendant. *Id.* at 204, 560 A.2d 611.[1]

In the proceedings below, the parties' arguments revolved around two separate issues: 1) whether the State had the burden of establishing prejudice from Ms. Garrett's late filing; and 2) whether the State suffered any prejudice from Ms. Garrett's tardiness. When it granted the motion to strike, the circuit court failed to specify which of these two grounds formed the basis for its decision; and in this appeal, the parties spend most of their time arguing over the first issue— whether the State had the burden of establishing prejudice. We, however, believe that the case must be reversed on either ground. The record shows fairly clearly that the State did not suffer any prejudice from the delay; and, for that reason, the motion should not have been granted.

 That the State did not suffer any prejudice from the delayed filing is demonstrated most clearly through adherence to the requirements of the Maryland Tort Claims Act, which governed this suit. Under Md.Code Ann. § 12–106(b) (1995 Repl.) of the State Government Article, Ms. Garrett was required to notify the State of her claim within one year after her injury; and there is no dispute that Ms. Garrett did, in fact, notify the State of her claim within the specified time

---

1. Rule 2–326(c) fails to provide a remedy for a plaintiff's tardy filing of a complaint. Our holding in *Patapsco* addressed this problem.

limit. Thus, the State clearly had early notice of, and an ample opportunity to investigate, Ms. Garrett's claim; and for this reason, the State's ability to investigate Ms. Garrett's claim was not hampered by her tardy complaint.

The only other possible prejudice caused by the late filing was the alleged inability of the State to file a third-party complaint against Leonard Thomas, the person whom the sheriff's deputies were chasing when Ms. Garrett was knocked down. According to the State, Ms. Garrett's tardiness prevented it from filing its claim against Mr. Thomas. As Ms. Garrett notes in her brief, however, there has been no indication that Mr. Thomas could have been served during the period of her delay; and in the absence of such a showing, any assertion of prejudice must fail.

In sum, the State did not suffer any tangible detriment from Ms. Garrett's three-week delay. Because of the lack of prejudice, the motion to strike should not have been granted.

## II. Burden of Proof

In determining who has the burden of proof in a motion to strike filed under Rule 2-322(e), it is useful first to review some general principles governing the allocation of burdens of proof. As an initial matter, we note that the allocation of a burden of proof is a question that is determined by considerations of the circumstances of a particular case. *See Plummer v. Waskey,* 34 Md.App. 470, 368 A.2d 478 (1977) (In regard to civil proceedings, burden of ultimate persuasion as well as burden of producing evidence may be allocated to either party on any particular issue as the emerging common law deems appropriate and fair). That said, the general practice is to allocate the burden of proof to the party asserting the affirmative of an issue, or seeking to change the status quo. *See Operations Research, Inc. v. Davidson & Talbird, Inc.,* 241 Md. 550, 217 A.2d 375 (1966) (Burden of proof rests on party who has affirmative of issue; although in some circumstances duty of going forward with evidence may shift to other side, burden of proof remains); *Singewald v. Singewald,* 165 Md. 136, 166 A. 441 (1933) (One asserting affirma-

tive has the burden of proof); *Noffsinger v. Noffsinger,* 95 Md.App. 265, 620 A.2d 415, *cert. denied,* 331 Md. 197, 627 A.2d 539 (1993) (Burden of proving a fact is generally on the party bearing the affirmative of an issue); *Daniels v. Superintendent, Clifton T. Perkins State Hospital,* 34 Md.App. 173, 366 A.2d 1064 (1976) (In most cases, party who has burden of pleading a fact or who has affirmative of an issue will have burden of producing evidence of the fact and of persuading jury of its existence); *Chesapeake & Potomac Telephone Company of Maryland v. Hicks,* 25 Md.App. 503, 337 A.2d 744 (1975) (Burden of proof is generally on party asserting the affirmative of the issue, as determined by the pleadings and the nature of the case). The other major consideration is whether particular facts are more readily available to one party or another; if so, the burden of proving those facts is sometimes placed on the party with that special knowledge or availability. *See Lake v. Callis,* 202 Md. 581, 97 A.2d 316 (1953) (Burden of proving a fact is on party who presumably has peculiar means of knowledge enabling him to prove its falsity).

█ These considerations weigh strongly in favor of placing the burden of proof on the issue of prejudice on the party advancing the motion to strike. Indeed, that party is asserting the affirmative of the issue; and that party would also appear the one who could more easily demonstrate that prejudice has occurred.

Added to these considerations is the fact that we are dealing here with a motion to strike under Rule 2–322(e). Although Rule 2–322(e) itself does not indicate which of the two parties—the one making the motion or the one opposing the motion—has the burden of proof, other rules do allocate the burden of proof for specified motions to strike. For example, Rule 2–331(d) allows a party no more than 30 days after its answer is due to file a counterclaim. If a counterclaim is filed more than 30 days after the date a party's answer is due, "any other party may object to the late filing by motion to strike filed within 15 days of service of the counterclaim or cross-

claim." *Id.* Further, the rule directs that "[t]he court *shall grant the motion to strike unless there is a showing that the delay does not prejudice other parties to the action.*" *Id.* (emphasis added). As this Court recognized in *Mattvidi Associates Limited Partnership v. NationsBank of Virginia*, 100 Md.App. 71, 639 A.2d 228 (1994), this language clearly places the burden of proof on the non-moving party. The State argues that *Mattvidi* places the burden of proof on the non-moving party in all situations which a motion to strike has been filed. In light of the fact that the case specifically involved an application of Rule 2–331(d), the State's assertion is clearly wrong; and, as noted below, the fact that Rule 2–331(d) places the burden of proof on the non-moving party in situations specified by the rule strengthens the notion that in other situations involving a motion to strike, the moving party may have the burden of proof. *Id.* at 80, 639 A.2d 228. A nearly identical provision in Rule 2–332(e) governs late-filed third-party claims.[2]

In light of the general principles governing allocations of burdens of proof, and in light of the fact that the Court of Appeals placed the burden of proof on the non-moving party only in specific motions to strike, we hold that in a situation like the one presented here—where a motion to strike has

---

**2.** The fact that the Court of Appeals specifically placed the burden of proof on the non-moving party in these specific situations arguably indicates that the Court intended that, in other situations, the party making the motion to strike may have the burden of proof. Had the Court intended otherwise, the language in Rules 2–331(d) and 2–332(e) specifically placing the burden of proof on the non-moving party may have been unnecessary.

Rule 2–332(e) provides:

(e) *Time for filing.* If a party files a third-party claim more than 30 days after the time for filing that party's answer, any other party may file, within 15 days of service of the third-party claim, a motion to strike it or to sever it for separate trial. When such a motion is filed, the time for responding to the third-party claim is extended without special order to 15 days after entry of the court's order on the motion. The court *shall grant the motion unless there is a showing that the late filing of the third-party claim does not prejudice other parties to the action.*

(emphasis added).

been filed in response to a tardily-filed complaint under Rule 2–326(c)—the moving party has the burden of proving that it has been prejudiced by the tardiness.

### III. Dismissal With Prejudice

In light of the foregoing discussion, we need not address Ms. Garrett's third issue.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTI- MORE CITY REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**APPELLEE TO PAY THE COSTS.**