924 A.2d 329

**Gail STERLING**

v.

**ATLANTIC AUTOMOTIVE CORPORATION.**

**No. 105, Sept. Term, 2006.**

Court of Appeals of Maryland.

June 4, 2007.

R. Scott Oswald (Adam Augustine Carter, Employment Law Group, P.C., Washington, DC, on brief), for petitioner/cross-respondent.

Craig F. Ballew (Tracey Dallahan-McLauchlin, Ferguson, Schetelich & Ballew, P.A., Baltimore, on brief), for respondent/cross-petitioner.

Glendora C. Hughes, General Counsel, Anand N. Parikh, Asst. General Counsel, Maryland Com'n on Human Rights, amicus curiae.

Argued before BELL, C.J., RAKER, CATHELL, HARRELL, BATTAGLIA, GREENE and ALAN M. WILNER, (Retired, Specially Assigned), JJ.

GREENE, J.

This matter arises from a sexual harassment claim filed by Gail Sterling ("Ms. Sterling") against her employer, Atlantic Automotive Corporation ("Atlantic"). The main issue with which we are concerned is whether Ms. Sterling filed her petition for writ of certiorari, in a timely matter, in accordance with Maryland Rule 8–302. We shall hold that Ms. Sterling's petition was untimely because she filed it 19 days after the intermediate appellate court issued its mandate. Pursuant to Rule 8–302, a petition for writ of certiorari may be filed no later than 15 days after the Court of Special Appeals issues its mandate.

## FACTUAL AND PROCEDURAL BACKGROUND

Ms. Sterling filed a civil suit against Atlantic, her former employer, for two types of workplace sexual harassment and for retaliation. The Circuit Court for Montgomery County

entered judgment in her favor. A jury found in favor of Ms. Sterling on her claim, that her employer's sexual harassment created a hostile work environment, and awarded compensatory damages in the amount of $195,000. The trial judge denied Atlantic's post-trial motions after remitting the jury's damages award to $100,000. The trial judge also awarded Ms. Sterling $304,063 in expert witness and attorney's fees and $46,437 in costs.

Atlantic filed a timely appeal to the Court of Special Appeals and Ms. Sterling filed a cross-appeal concerning the extent of the trial court's award of fees. The intermediate appellate court filed an unreported opinion on September 5, 2006. It determined that eight of Atlantic's nine claims were without merit. As to the remaining issue, the court ruled that the trial judge had improperly instructed the jury as to the parties' respective burdens of proof, in a hostile work environment action, and therefore vacated the judgment of the Circuit Court and remanded the case for a new trial. The intermediate appellate court issued its mandate on October 11, 2006. Ms. Sterling filed a petition for writ of certiorari with the Clerk of this Court, on October 30, 2006.[1] On November 2, 2006, Atlantic filed a motion to dismiss Ms. Sterling's petition as untimely, and, on November 13, 2006, filed a conditional

---

1. Ms. Sterling presented the following questions in her petition for writ of certiorari:

   1. Is the petition for writ of certiorari timely?

   2. Whether, under Article 49B of the Code of Maryland, an employee-victim of hostile work environment sexual harassment must prove that the conduct of a *supervisor* is imputed to the employer, or whether Maryland Courts read Article 49B and Title VII in harmony and thus impose an affirmative defense burden on employers, as required by the Supreme Court in *Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), and *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998)?

   3. Whether any error that may have been committed by the Circuit Court when it instructed the jury using the Supreme Court's *Faragher/Ellerth* affirmative defense to employer liability was harmless error, since it was admitted at trial that the person responsible for the hostile work environment was not a mere co-worker, but rather was the victim's supervisor?

cross-petition for writ of certiorari.[2] On December 14, 2006, this Court granted both the petition and conditional cross-petition and ordered that both parties brief the question of the timeliness of the petition. *Sterling v. Atlantic Auto,* 396 Md. 12, 912 A.2d 648 (2006).

## DISCUSSION

Because of our holding that Ms. Sterling failed to timely file her petition for writ of certiorari, we will address only those arguments pertaining to that issue.

Ms. Sterling argues that her petition for writ of certiorari was timely. She acknowledges, as she must, that the Court of Special Appeals issued its mandate on October 11, 2006 and that 15 days after the date of issuance was October 26, 2006. Ms. Sterling argues, however, that she was entitled to three extra days (October 27, 28, and 29) because of the extension provided for in Maryland Rule 1–203(c), which states:

---

**2.** Atlantic presented the following questions in its conditional cross-petition:

    A.  If the Court determines that *Faragher/Ellerth* standard should be utilized to define the elements of a hostile work environment claim:

    1.  Whether a company's distribution of an anti-harassment policy and the availability of higher management to receive complaints satisfies the first prong of the *Faragher/Ellerth* affirmative defense.

    2.  Whether an employer is required to establish the second prong of the *Faragher/Ellerth* affirmative defense where it establishes that it took prompt remedial action, and the sexual harassment stopped.

    3.  Whether an employer can establish the second element of the *Faragher/Ellerth* affirmative defense by demonstrating that the plaintiff did not take advantage of preventive and corrective procedures before the harassment became severe or pervasive.

    B.  If the Court determines that the *Manikhi/Magee* standard should be utilized to define the elements of a hostile work environment claim, whether a plaintiff can prevail under this standard where the harassment stops after she complains.

    C.  Whether the after acquired evidence doctrine precludes the recovery of compensatory damages in a hostile work environment sexual harassment action.

    D.  Whether the courts below were required to enforce the provisions of the parties' evidentiary stipulation.

Whenever a party has the right or is required to do some act or take some proceeding within a prescribed period after service upon the party of a notice or other paper and service is made by mail, three days shall be added to the prescribed period.

Ms. Sterling contends that this rule applies to cases where a court sends a notice or order by mail and the parties do not receive any more expedient notice—in her opinion, the facts of the instant case. Ms. Sterling argues that, in the case *sub judice*, the manner in which the court issued its mandate fits within the ordinary definition of "service" and the mandate fits within the ordinary definition of "notice or other paper," such that Rule 1–203(c) applies.

In addition, Ms. Sterling argues that she was entitled to an additional day (October 30) in which to file her petition because of Maryland Rule 1–203(a), which states:

(a) **Computation of time after an act, event, or default.** In computing any period of time prescribed by these rules, by rule or order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not included. If the period of time allowed is more than seven days, intermediate Saturdays, Sundays, and holidays are counted; but if the period of time allowed is seven days or less, intermediate Saturdays, Sundays, and holidays are not counted. The last day of the period so computed is included unless:

(1) it is a Saturday, Sunday, or holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or holiday; or

(2) the act to be done is the filing of a paper in court and the office of the clerk of that court on the last day of the period is not open, or is closed for a part of the day, in which event the period runs until the end of the next day that is not a Saturday, Sunday, holiday, or a day on which the office is not open during its regular hours.

Ms. Sterling contends that because October 29, 2006 was a Sunday, and the Clerk's office was therefore not open, she

filed her petition in a timely manner when she filed it on Monday, October 30, the next day that the office was open.

According to Ms. Sterling, the language of Rule 8–302 is also dispositive. That provision provides, in pertinent part:

(a) **From appeal to Court of Special Appeals.** If a notice of appeal to the Court of Special Appeals has been filed pursuant to Rule 8–201, a petition for a writ of certiorari may be filed either before or after the Court of Special Appeals has rendered a decision, but not later than 15 days after the Court of Special Appeals issues its mandate.

Ms. Sterling asserts that the ordinary definition of the word "issue," according to Black's Law Dictionary, means "[t]o send out officially ... to deliver." Drawing upon this definition, Ms. Sterling argues that the word "issue" is synonymous with the word "service" and therefore, the Court intended that Rule 1–203(c) should apply to petitions for writ of certiorari. Mrs. Sterling explains that other rules use the word "entry" and that if the Court did not want Rule 1–203(c) to apply, then it would have used the word entry, instead of issue in 8–302(a), because entry is not synonymous with service.

Ms. Sterling also points out that Maryland Rule 1–101(a) states specifically that "Title 1 applies to all matters in all courts of this State, except the Orphans' Courts and except as otherwise specifically provided," thus compelling the application of Rule 1–203(c) to this case. Lastly, Ms. Sterling avers that fairness compels the application of Rule 1–2 03(c) to this case because a respondent should not have more time in which to file an opposition to a petition for writ of certiorari than a petitioner had to file the petition.

Atlantic counters that Ms. Sterling's petition was untimely because she filed it 19 days after the Court of Special Appeals issued its mandate, in violation of the 15 day strict deadline imposed by Rule 8–302(a). Atlantic explains that, in this case, the Court of Special Appeals *issued* its mandate on October 11, 2006, making the 15 day deadline October 26, 2006, and not October 30, 2006.

Atlantic avers further that Maryland Rule 1–203(c) does not apply because it applies only to service by mail, not to an entry by the court. Atlantic cites *Kamara v. Edison Bros. Apparel Stores, Inc.*, 136 Md.App. 333, 337–38, 765 A.2d 1005, 1007 (2001), for the proposition that Rule 1–203(c) applies only when service is a prerequisite to triggering the clock, and not in other instances when something else triggers the clock, even if mail is used. Atlantic points out that according to Maryland Rule 8–302, the issuance of the mandate triggers the clock and that Maryland Rule 8–302 does not mention "service" of the mandate. In accordance with this rule, Atlantic argues, the clock was triggered on October 11, 2006, the date that the Court of Special Appeals issued its mandate, and therefore, the deadline for Ms. Sterling's petition was October 26, 2006.

Furthermore, Atlantic argues that Ms. Sterling's policy arguments are unpersuasive. Atlantic explains that Ms. Sterling had ample time in which to file her petition for writ of certiorari because the Court of Special Appeals filed its opinion on September 5, 2006, which contained the court's decision and rationale. According to Atlantic, Ms. Sterling had 36 days between the time that the intermediate appellate court filed its opinion and the date that it issued its mandate, in addition to the 15 days after the mandate, to prepare and file her petition. Atlantic notes further that while Ms. Sterling was unable to file her petition in the 51 days allotted to her, Atlantic was able to prepare its Answer and Conditional Cross–Petition for Certiorari within the 15 days permitted by the rules.

Atlantic also discounts Ms. Sterling's argument that she could not know the date upon which the intermediate appellate court issued its mandate until the mandate arrived at her attorney's office by mail. Atlantic points out that Maryland Rule 8–606(b) provides that the Clerk shall issue the mandate upon the expiration of 30 days after the filing of the Court's opinion or entry of the Court's order. Because the Court of Special Appeals issued its mandate 36 days after it filed its opinion, Ms. Sterling actually had an additional six days of preparation time to file her petition. Atlantic states that, as a

result, Ms. Sterling received ample notice of when the mandate would be issued and when her petition would be due.

Lastly, Atlantic points out that Maryland Rule 8–303(d) explains that an answer to a petition for writ of certiorari must be filed within 15 days after *service* of the petition. In Atlantic's view, this demonstrates that if the Court intended, in its adoption of Rule 8–302, for the clock to be triggered by the service of the mandate, it certainly had such language at its disposal. Instead, the Rules Committee's recommendation, and the Court in its adoption of the rule, explicitly stated that the clock is triggered by the issuance of the mandate.

We agree with Atlantic that Maryland Rule 8–302 allows Ms. Sterling 15 days, after the date of the issuance of the Court of Special Appeals's mandate, in which to file her petition for writ of certiorari. Maryland Rule 1–203(c) does not apply to petitions for writ of certiorari because the clock is triggered by the issuance of the mandate, and not by service by mail. We also agree with Atlantic that Ms. Sterling had notice of the intermediate appellate court's decision, notice as to when it would issue its mandate, and, therefore, ample time in which to file her petition for writ of certiorari. Accordingly, we shall dismiss Ms. Sterling's petition for writ of certiorari as untimely.

### Time Limitations for Filing a Petition for Writ of Certiorari

Md.Code (1974, 2006 Repl.Vol.), § 12–201 of the Courts and Judicial Proceedings Article, entitled "Certiorari to Court of Special Appeals" provides:

Except as provided in § 12–202 of this subtitle, in any case or proceeding pending in or decided by the Court of Special Appeals upon appeal from a circuit court or an orphans' court or the Maryland Tax Court, any party, including the State, may file in the Court of Appeals a petition for certiorari to review the case or proceeding. *The petition may be filed either before or after the Court of Special Appeals has rendered a decision, but not later than the time prescribed by the Maryland Rules.* In a case or

proceeding described in this section, the Court of Appeals also may issue the writ of certiorari on its own motion. (Emphasis added.) To examine the time prescribed by the Maryland Rules, we turn first to Rule 8–302, which is entitled "Petition for writ of certiorari—Times for filing." The text of Maryland Rule 8–302 begins by mirroring the language of Md.Code (1974, 2006 Repl.Vol.), § 12–201 of the Courts and Judicial Proceedings Article. It reiterates that "a petition for writ of certiorari may be filed either before or after the Court of Special Appeals has rendered a decision...." It then prescribes the applicable time period referenced in § 12–201 of the Courts and Judicial Proceedings Article. It states explicitly that a petition for writ of certiorari may be filed before or after the Court of Special Appeals's decision, "but not later than 15 days after the Court of Special Appeals issues its mandate." The language of this rule is clear—the petition must be filed within 15 days after the issuance of the mandate. We therefore conclude that if the petition for writ of certiorari arrives in the Clerk's office after the fifteenth day, then it is not timely filed.[3]

Ms. Sterling contends that Maryland Rule 1–203(c) applies to the instant case because she received a copy of the mandate via the mail.[4] We disagree. Rule 1–203(c), entitled "**Addition-**

---

**3.** Maryland Rule 1–203(a) provides an exception to this 15 day deadline. If individuals are unable to file documents with the Clerk's office because the office is closed, the Rule gives individuals until the end of the next day after the deadline that is not a Saturday, Sunday or holiday to file the document or petition. We agree with Ms. Sterling that Rule 1–203(a) applies to petitions for writ of certiorari if the *fifteenth* day falls on a weekend or a holiday. We do not agree, however, that Rule 1–203(a) applies to the instant case because the fifteenth day after issuance, October 26, 2006, was a Thursday, and not a Saturday, Sunday, a holiday, or other occasion when the Clerk's office w as closed.

**4.** Ms. Sterling relies on two cases to support her contentions. She cites *In re Adoption/Guardianship Nos. T00130003, T00130004*, 370 Md. 250, 805 A.2d 254 (2002), and *First Wholesale Cleaners, Inc. v. Donegal Mutual Insurance Co.*, 143 Md.App. 24, 792 A.2d 325 (2002). *In re Adoption/Guardianship*, 370 Md. at 256, 805 A.2d at 257–58, involved the termination of parental rights. Show cause orders were served on

**al time after service by mail,**" states explicitly that "[w]henever a party has the right or is required to do some act ... *within a prescribed period after service upon the party of a notice or other paper and service is made by mail,* three days shall be added to the prescribed period." Rule 1–203(c) is inapplicable to petitions for writ of certiorari because it refers to a prescribed period after service upon a party, specifically service made by mail. While Ms. Sterling received a copy of the mandate by mail, service is not a requirement associated with the issuance of a mandate. As Rule 8–302 states, the Court of Special Appeals *issues* a mandate, it is not required to *serve* the mandate upon the parties as a prerequisite to its issuance or effective date.

*Kamara,* 136 Md.App. at 336–38, 765 A.2d at 1007, is instructive on this point because entry of a judgment is analogous to the issuance of a mandate, despite the fact that Ms. Sterling argues that "entry" is much more stringent than "issue." In *Kamara,* the intermediate appellate court was asked to determine whether the trial court erred in striking the notice of an appeal on the grounds that it was untimely

---

the two children, through their Legal Aid attorney, to inform them that if they wished to object to the guardianship change, they had 30 days in which to do so, in addition to an extra three days provided for by Rule 1–203(c). This case does not support Ms. Sterling's contentions because it required actual service of a document; it is therefore distinguishable from the instant case. The applicable rule in *In re Adoption* was Maryland Rule 9–105(d), which requires that show cause orders be *served* upon the parties within 90 days after issuance. As a result, the clock was triggered by service and, accordingly, Maryland Rule 1–203(c) applied.

In *First Wholesale Cleaners,* the Court of Special Appeals ordered the plaintiff to file an amended complaint within 30 days after the court granted the appellee's motion for a more definite statement. The court did not explain whether it was 30 days after an entry, issuance or service of the order. Furthermore, the court explicitly stated in a footnote that "[f]or reasons not clear to [the court], appellant has not relied on these rules," referring to Maryland Rules 1–203(a) and 1–203(c), so those sections were not at issue in that case. *First Wholesale Cleaners,* 143 Md.App. at 40 n. 3, 792 A.2d at 335 n. 3. We note, however, that if the clock was not triggered by service of the order upon the plaintiff by mail, then Rule 1–203(c) would not apply. Thus, *First Wholesale Cleaners* provides no support for Ms. Sterling's contentions.

filed because it was filed 33 days after a final judgment—three days longer than the time prescribed by Maryland Rule 8–202. Maryland Rule 8–202(a) states that, "the notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken." The Court of Special Appeals examined whether Rule 1–203(c) applied and held that "Rule 8–202 specifically uses the word entry. Since action is not required to be taken after service, Rule 1–203(c) does not apply." The court explained that "[t]he plain language of Rule 1–203(c) states that it applies to service by mail, not to an entry by the court. Like statutes, we will not read an ambiguity into a rule where none exists.... Rule 1–203(c) only applies when service is a prerequisite to triggering the clock." [5]

We also reject Ms. Sterling's contentions that a strict adherence to Rule 8–302 presents issues of fairness because she did not know when the Court of Special Appeals was going to file its mandate and also that such an interpretation would provide her with less time in which to file her petition than Atlantic had to file its answer to her petition. Maryland Rule 8–606(b) provides that:

> Upon a voluntary dismissal, the Clerk shall issue the mandate immediately. In all other cases, unless a motion for reconsideration has been filed or the Court orders otherwise, the Clerk shall issue the mandate *upon the expiration of 30 days after the filing of the Court's opinion or entry of the Court's order.*

(Emphasis added.) In this case, the Court of Special Appeals filed its opinion on September 5, 2006. The expiration of 30 days after the filing of that opinion would have been October

---

**5.** The Maryland Rules Commentary explains further that:

> It is important to remember that the additional days are tacked onto the required time period only when the running of the period is triggered by *service by mail.* If any event other than service begins the running of the time period, three days are not added, even if mail is used.

Paul V. Niemeyer & Linda M. Schuett, Maryland Rules Commentary 22 (3d ed., Lexis Nexis 2003).

5, 2006.  Ms. Sterling was therefore on notice that the Clerk of the intermediate appellate court would likely issue the mandate on October 5, such that her petition for writ of certiorari would be due on October 20.  In fact, the Clerk of the Court of Special Appeals waited until October 11 to issue the mandate, giving Ms. Sterling six extra days in which to file her petition for writ of certiorari.  Ms. Sterling had 51 days from the date that the Court of Special Appeals filed its opinion to file her petition and, therefore, simply cannot reasonably argue that she did not have ample time in which to prepare her petition.

Furthermore, we reject Ms. Sterling's argument that our holding allows respondents more time to prepare their answers to petitions for writ of certiorari than petitioners have to file their petitions for writ of certiorari.  Maryland Rule 8–303(d) provides that "[w]ithin 15 days after *service* of the petition, any other party may file an original and seven copies of an answer to the petition stating why the writ should be denied" (emphasis added).  We agree with Ms. Sterling that Rule 1–203(c) applies to answers to petitions for writ of certiorari if service is made by mail because Rule 8–303(d) specifically affords a party the right to file an answer after *service.*[6]  A respondent therefore has 18 days in which to file an answer to a petition, if the petition is served by mail, because a respondent has the 15 days prescribed by Rule 1–303(d) in addition to the three days provided for by Rule 1–203(c). Notwithstanding, this 18 day period is still shorter than the 45 day period that a petitioner ordinarily has to file a petition for writ of certiorari, and the 51 day period that Ms. Sterling had to file her petition for writ of certiorari.

PETITION AND CONDITIONAL CROSS–PETITION DISMISSED.  GAIL STERLING TO PAY COSTS.

---

**6.** Such language provides further support that the Court did not intend for Rule 1–203(c) to apply to petitions for writ of certiorari.  The Rules Committee, and the Court prior to adopting the Rule, certainly had the ability to use the word "service" in Rule 8–302.  Instead, it chose to provide for the issuance of a mandate, rather than service of a mandate.

Concurring Opinion by WILNER, J.

I have joined the Court's Opinion because it is correct. The Court's holding that Maryland Rule 1–203(c) does not extend the time allowed under Rule 8–302(a) for filing a petition for *certiorari* to the Court of Special Appeals is a reasonable construction of the two Rules and creates no hardship in the normal case. As the Court notes, the Court of Special Appeals, in conformance with Rule 8–606(b), ordinarily issues its mandate 30 days after its opinion is filed, so a party has at least 45 days in which to prepare and file a petition for *certiorari.*

A hardship may arise, however, if the intermediate appellate court decides to issue its mandate forthwith, which, under Maryland Rule 8–606(b), it is entitled to do and occasionally, though rarely, does do, especially if the opinion directing that mandate is unreported and is not immediately available online. In that situation, a party may, in fact, have very little time in which to analyze the opinion and prepare a proper petition for *certiorari.*

I would suggest that this Court's Standing Committee on Rules of Practice and Procedure give some thought to proposing an amendment to Rule 8–302(a), to provide an alternative period for the filing of a petition for *certiorari:* the later of 15 days after the issuance of the Court of Special Appeals mandate or 30 days after the filing of that court's opinion. In the great majority of cases, the time would remain precisely as it now is—15 days after issuance of the mandate. In those rare cases in which the mandate is issued less than 30 days after the filing of the opinion, the party would have at least those 30 days in which to file a petition.